**Thomas E. DelROSSO, et al.**

v.

**Julio V. DeSANCTIS, III.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 15, 1994.

Decided Dec. 23, 1994.

Shellie Batuski, Student Legal Services, Orono, for plaintiffs.

Julio DeSanctis, pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

Julio V. DeSanctis, III appeals from a judgment entered in the Superior Court (Penobscot County, *Marsano, J.*) dismissing his appeal from the judgments entered in the District Court (Bangor, *Mead, J.*) in small claims actions. The District Court found for Thomas DelRosso, Robert Harby, Scott Stevens, James Germani and Scott Spence [hereinafter plaintiffs] on their theories of breach of contract and negligence. We

agree with the dismissal by the Superior Court and affirm.

The plaintiffs were five college students who entered into a lease agreement with DeSanctis to rent his building for the term of September 1, 1990 to August 31, 1991. On January 17, 1991 there was an electrical fire in the building. The local code enforcement officer immediately declared the building uninhabitable, and the interior of the apartment and appliances were subsequently damaged by unknown individuals.[1] The plaintiffs each filed a small claims action in the District Court against DeSanctis for the return of their security deposits, advance rent payments, and other damages resulting from the fire, including lost clothing and personal items. The claims were consolidated and heard together. The court entered a judgment for plaintiffs for prepaid rent, security deposits and damage to personal property.

DeSanctis appealed to the Superior Court and requested a jury trial *de novo* pursuant to M.R.Civ.P. 80L. On review of the affidavits and the entire record, the court found that issues of triable fact existed. The court also found, however, that the parties had entered into a lease agreement waiving their right to a jury trial. The relevant portion of the lease reads:

> Lessor and Lessees agree that any dispute relative to the obligations of either party to this Lease shall be resolved as follows: Informal discussion by the parties with a good faith effort to resolve the dispute. Non-binding Mediation in good faith with a District Court Mediator (the cost of said Mediator to be shared equaly [sic] by the parties) Legal action in the Maine District Court in Bangor, Maine Appeal on issues of Law to the Superior Court, Penobscot County Either party may appeal any adverse decision of the Superior Court to the Supreme Judicial Court.
>
> Lessor and Lessee agree that pending the outcome of such dispute resolution as outlined above that rent continues to be due and payable. In the event the rent has not been paid or is in arrears by 14 days or more the parties agree that Mediation may be dispensed with and both parties agree to submit themselves to the jurisdiction of the Maine District Court for the factual resolution of any dispute regarding this Lease. Said factual resolution to be binding except for the right of appeal on issues of Law.

Concluding that this waiver language was binding on DeSanctis, the landlord/lawyer who drafted the lease, the court dismissed his appeal.

DeSanctis submits that the court erred in raising *sua sponte* the issue of the lease. In considering an appeal from the District Court in a small claims action,[2] the Superior Court is charged with reviewing the entire record and any new information submitted in the affidavits to make a preliminary determination as to whether the party is entitled to a jury trial. M.R.Civ.P. 80L(c)(1). In addition, even after the matter has been placed on the jury trial list, if the Superior Court "upon its own initiative *at any time* finds that no right to trial by jury of any issue exists under the Constitution or the statutes of the State of Maine, the appeal shall be dismissed...." M.R.Civ.P. 80L(c)(4) (emphasis added). The court properly reviewed the lease on its own initiative and determined that DeSanctis had waived his right to a jury trial.

1. DeSanctis argued that the plaintiffs were responsible for the damage because they were the only individuals with keys, the windows had been boarded up, and the building was otherwise inaccessible. The District Court found that the evidence did not show by a preponderance of the evidence that the plaintiffs or their agents had any responsibility for the damage. This issue has not been raised on appeal.

2. DeSanctis also contends that the lease called for resolution in the District Court and that the action in "small claims court" does not meet this requirement. This assertion is unfounded. 14 M.R.S.A. § 7481 (Supp.1993) states:

> There is established a small claims proceeding for the purpose of providing a simple, speedy and informal court procedure for the resolution of small claims. It shall be an alternative, not an exclusive, proceeding. The District Court shall have jurisdiction of small claims actions....

There is no formal entity designated "the small claims court." There are only small claims actions in the District Court.

■ DeSanctis argues for the first time on appeal that the plaintiffs breached the lease provision providing for informal discussion and mediation by going directly to court. He further contends that this breach by the plaintiffs precludes enforcement of the jury trial waiver against him. Generally, a party cannot raise an issue on appeal that has not been submitted for decision at the trial level. *Morris v. Resolution Trust Corp.*, 622 A.2d 708, 714 (Me.1993). DeSanctis failed to raise the breach of lease issue in the District Court through a motion to dismiss the small claims actions before participating in the trial of those actions. He cannot raise the breach issue for the first time on appeal. *See Blanchette v. York Mutual Ins. Co.*, 455 A.2d 426, 428 (Me.1983) (where particular issue of non-compliance with homeowner's policy was not pled or litigated, it could not be raised on appeal).

The entry is:

Judgment affirmed.

All concurring.